No. 394
ENN CO v. BONCHEK & GORDEN (Partners)
Ohio Appeals, 8th District. Feb. 5, 1921
15 Ohio App. 1

CARRIERS—Non-delivery of goods—Defenses—Stoppage in transit by consignor—Pleading.

DUNLAP, P. J.:

Error to Cuyahoga Common Pleas; judgment reversed.

Attorneys—Squire, Sanders & Dempsey and E. R. Ehm, for Penna Co.; Max P. Goodman, contra.

No. 395
URBANSKI v. SZELASZIEWICZ
Ohio Appeals, 6th Dist. March 7, 1921
15 Ohio App. 4

LANDLORD AND TENANT—Leases—Option to purchase renewed, when—Option not signed by owner's wife—Suecific performance by purchases.

CHITTENDEN, J.

Appeal from Lucas Common Pleas

Attorneys—Fell & Schaal, for plaintiff; Marshall & Laser, fo rdefendant.

No. 396
JELKA v. AMERICAN REFRIG. MANFG. CO. et al.
Ohio Appeals, 6th Dist. April 2, 1921
15 Ohio App. 10

CORPORATIONS—Receivership—Priority of claims.—Money advanced to pay labor checks—Stockholder not mere volunteer, when.

RICHARDS, J.

Appeal from Lucas Common Pleas

Attorneys—Garrison & Phillips and Paul T. Gayer, for creditors claiming a preference; Tyler, Northrup & McMahon and Robert Newbegin, for general creditors.

No. 397
NAT. BANK OF COMMERCE v. EVANOFF
Ohio Appeals, 6th Dist. May 23, 1923
15 Ohio App. 51

BANKS AND BANKING—Transmission of foreign exchange—War conditions prevent delivery—Depreciation of foreign currency—Amount bank to return to sender.

RICHARDS, J.

Error to Lucas Common Pleas; judgment reversed.

Attorneys—Smith, Beckwith & Ohlinger and E. C. Roehlich, for plaintiff in error; Miller, Miller, Brady & Seeley and James P. Schrider, contra.

No. 398
CLEVELAND RAILWAY CO. V. SNOWDEN
Ohio Appeals, Cuyahoga Co. Sept. 30, 1921.
15 Ohio App. 42

CHARGE TO JURY—Prejudicial error—Failure to present defendant's theory of case—Negligence.

VICKERY, P. J.

Error to Common Pleas; judgment reversed

Attorneys—Squire, Sanders & Dempsey, for Railway Co.; Tolles, Hogsett, Ginn & Morley, contra.

No. 399
U. S. PRINTING & LITHO. v. CRITES et al.
Ohio Appeals, 4th Dist. June 16, 1921
15 App, 63

CONTRACTS — Subject-matter definite, when — Agreement to supply requirements—Partnership liability—Similar business but firms not identical.

SAUCK, J.

Error to Pickaway Common Pleas ; judgment reversed.

Attorneys—C. A. Leist and Charles H. May, for plaintiff in error; Chas. Gerhardt, contra.

No. 400
BROPHY, Assignee, v. McGURK
Ohio Appeals, 8th Dist. July 6, 1921
15 App. 73

SPECIFIC PERFORMANCE—Written contract to sell realty—Partial consideration paid—Agreement not consummated within stipulated time—Extension or waiver of performance.

BY THE COURT.

Appeal from Cuyahoga Common Pleas

Attorneys—Blackett & Brophy and Dowling & Dowling, for plaintiff; B. A. Gage and James W. O'Hara, for defendant.

No. 401
D'AMICO, Administrator, V. BRILL, SR.
Ohio Appeals, 1st Dist. July 6, 1921
15 App. 94

NEGLIGENCE—Venue of action—Section 6308, General Code—Automobiles—Death by non-resident defendant—Personal representative to sue, where.

HAMILTON, P. J.

Error to Cuyahoga Common Pleas; judgment reversed

Attorneys—Messrs. Mathews, Bell & Winsper, for D'Amico; Howell, Roberts & Duncan, contra.

No. 402
MAHER, Administratrix, v. N. Y. C. R. R. CO.
Ohio Court of Appeals, Erie County
No. 177. April 23, 1923

NEGLIGENCE—(1) Engineer who voluntarily assists in repair of engine while off duty does not thereby enter on duties—(2) Speed of train immaterial when injury would have been caused anyway—(3) No negligence if employes are ordinarily vigilant to avoid accident.

KINKADE, J.:

Epitomized Opinion

Error to Erie Common Pleas; affirmed.

Maher, a thoroughly experienced railroad engineer, was in the employ of the railroad and while off duty was requested to come to the railroad office to give certain information relative to a strike by its employes. Maher give the information requested and on his way home, stopped to assist certain other employes in the repair of a railroad engine. While so engaged he stepped on or very close to a track upon which a switch engine was approaching. The men operating the switch engine made every effort to warn Maher of his danger, the brakeman going to the length of attempting to push him from the track, but for some reason he remained too close to the track and received an injury which resulted in his death. Maher's administratrix claims that the switch engine was travelling at a speed greater than provided by ordinance and that the railway employes were negligent in their operation of the engine. Held by Court of Appeals in affirming judgment for the Ry:

1. An employe of a railroad who, while off duty, voluntarily assists in the repair of an engine does not, because he is so engaged, enter upon the performance of his duty.

2. When it is evident that the injury complained of would have been caused regardless of the speed of the train, the court is justified in disregarding evidence as to it.

3. Where the person operating a railway engine takes every precaution to avoid injuring a man standing on the track, the company cannot be said to be negligent.

Attorneys—J. F. McCrystal, for Maher; King, Ramsey, Flynn & Pyle, for Ry.